CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/16/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
<u>Danville Division</u>

DANIEL P. MOOK
  Plaintiff,

v.                Civil Action No.: 4:23CV00028

CITY OF MARTINSVILLE, VIRGINIA,
 **SERVE:** **Aretha Ferrell-Benavides**
      **Martinsville City Manager**
      **55 West Church Street, Rm. 216**
      **Martinsville, VA  24112**

  Defendant.

                     **JURY TRIAL**
                     **DEMANDED**

## **COMPLAINT**

The plaintiff Daniel P. Mook ("Mook"), by counsel, submits this Complaint against the defendant City of Martinsville ("Martinsville"), representing unto the Court as follows:

### INTRODUCTION

This is a civil action seeking lost salary, benefits and other compensation, as well as liquidated damages, reinstatement and attorney's fees, as Martinsville terminated Mook's employment when he requested family care leave, and thus interfered with the exercise of his rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq.

### THE PARTIES

1. Mook currently resides in Marshfield, Wisconsin. He was eligible for FMLA protection by having worked for Martinsville for over 12 months prior to taking medical leave, and in excess of 1250 hours during those 12 months, pursuant to 29 U.S.C. § 2611(2)(A).

2. Martinsville is an independent city and political subdivision of the Commonwealth of Virginia. Its primary city offices are maintained at 55 West Church Avenue, Martinsville, Virginia 24112.

3. At all times during the events complained of herein, Martinsville was a "public agency" and is thus an "employer" as defined in Section 101(4) of the FMLA, 29 U.S.C. § 2611(4).

## JURISDICTION AND VENUE

4. Jurisdiction over plaintiff's claims is based on 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. 2617(a)(2)(private right of action for interference with FMLA rights). Venue is proper in this District and Division as it is the location of the parties and the events described herein.

## ALLEGATIONS

5. Mook commenced employment with Martinsville on or about April 3, 2018 as an Assistant Commonwealth's Attorney in the Office of Commonwealth's Attorney G. Andrew Hall. Halll was his direct supervisor. Mook earned approximately $74,000 in annual salary, plus benefits.

6. Mook's mother, Shirley Mook, suffers from severe osteoarthritis and osteoperosis, which are degenerative joint and bone diseases, respectively. Due to the condition, Mrs. Mook requires assistance with dressing, meal preparation, and transportation.

7. Mook's mother frequently endures "inpatient care in a hospital" and "continuing treatment by a health care provider," and therefore constitutes a "serious health condition" under the FMLA, 29 U.S.C. § 2611(11).

8. In November 2021, Mook requested temporary family leave from his criminal prosecution work with the Commonwealth's Attorney in order to provide care for his ailing mother. Someone from Mook's employer provided him with a blank Certification of Health Care Provider for Family Member's Serious Health Condition under the Family and Medical Leave Act ("Certification"), to be signed by his mother's medical provider.

9. Mook filled in the Certification by hand with pertinent demographic and medical information related to his mother, based on his knowledge of her condition as her caregiver.

10. On November 12, 2021, Mook and his mother had a medical visit with Mrs. Mook's physician, Lisa Francis, M.D. Mook presented the Certification form to Dr. Francis' nurse, Scott R. Schmidt, R.N. Schmidt left the room with the form – presumably to discuss the Certification with Dr. Francis -- and returned to the room and signed it. Under Schmidt's signature on the Certification he added the notation "per Dr. Lisa Francis."

11. Mook emailed the completed, signed Certification to Nancy Sherman, Office Manager for the Commonwealth's Attorney, and to Martinsville HR Department.

12. Martinsville's HR Department raised questions about the authenticity of the Certification. In a letter from Hall to Mook dated November 18, 2021, Hall described the situation as follows:

> Human Resources flagged the form immediately and called our office. They asked us to call the doctor's office to confirm that the form you provided was indeed filled out by someone in the office. We called the doctor's office and described the form that we had received from you.
>
> They had concerns as well. We faxed them a copy of the form you had submitted.
>
> They informed us that no one in the office – including the doctor and RN – filled out the form. The doctor did not authorize anyone to fill it out or sign it on her behalf. The RN who signed it stated that you approached him and asked him to sign an excuse for missing work.

You did not inform the nurse that he was signing the Certification of Health Care Provider. You merely showed him a signature line on a form and asked him to sign it, saying that you were "here at the clinic with (your) mom." Taking your word, he signed the page.

13. Hall told Mook that he needed either to resign "today" or he would be fired. Mook told Hall that he had done nothing wrong and explained that he presented an accurately completed Certification form to the RN (Schmidt) to obtain a routine and valid signature.

14. Mook explained that he would not resign. Hall sent Mook an email later that same day, November 18, 2021, terminating Mook's employment from Martinsville.

15. Schmidt's explanation that he was duped by Mook to deceitfully sign a Certification form is clearly erroneous. Mook specifically told the nurse that he was seeking a medical leave of absence to care for his ailing mother, and the Certification specifically and repeatedly states that the purpose of the form is obtain such a leave of absence under the FMLA.

16. By calling Dr. Francis' office to inquire about the authenticity of the Certification, instead of contacting Mook directly, Hall or whichever of his staff who called with the inquiry, violated 29 C.F.R. § 825.305(c), which provides in pertinent part:

> The employer shall advise an employee whenever the employer finds a certification incomplete or insufficient, and shall state in writing what additional information is necessary to make the certification complete and sufficient.

17. Hall's staff and Martinsville's HR Department were prohibited from contacting the medical provider to inquire about the authenticity of the Certification before giving Mook an opportunity to correct any perceived deficiencies with the Certification.

18. The pertinent regulations supporting the FMLA state:

> ***Clarification and authentication.*** <u>If an employee submits a complete and sufficient certification signed by the health care provider, the employer may not request additional information from the health care provider. However, the employer may contact the health care provider for purposes of clarification and authentication of the medical certification (whether initial certification or recertification) after the employer has given</u>

<u>the employee an opportunity to cure any deficiencies as set forth in § 825.305(c). To make such contact, the employer must use a health care provider, a human resources professional, a leave administrator, or a management official. Under no circumstances, however, may the employee's direct supervisor contact the employee's health care provider</u>. For purposes of these regulations, *authentication* means providing the health care provider with a copy of the certification and requesting verification that the information contained on the certification form was completed and/or authorized by the health care provider who signed the document; no additional medical information may be requested. *Clarification* means contacting the health care provider to understand the handwriting on the medical certification or to understand the meaning of a response. Employers may not ask health care providers for additional information beyond that required by the certification form. The requirements of the Health Insurance Portability and Accountability Act (HIPAA) Privacy Rule (*see* 45 CFR parts 160 and 164), which governs the privacy of individually-identifiable health information created or held by HIPAA-covered entities, must be satisfied when individually-identifiable health information of an employee is shared with an employer by a HIPAA-covered health care provider. If an employee chooses not to provide the employer with authorization allowing the employer to clarify the certification with the health care provider, and does not otherwise clarify the certification, the employer may deny the taking of FMLA leave if the certification is unclear. *See* § 825.305(d). It is the employee's responsibility to provide the employer with a complete and sufficient certification and to clarify the certification if necessary.

(29 C.F.R. § 825.307(a), emphasis added).

19. Since Mook provided Martinsville with a "complete and sufficient certification," there was no reason for any employee of Martinsville to contact the medical provider. Any concerns about authenticity should have been directed to Mook. In by-passing Mook, Martinsville violated his rights under the FMLA.

20. In terminating Mook's employment, Martinsville violated its legal obligation to not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

21. The FMLA provides employees a private right of action against a liable employer for damages, including liquidated damages for willful violations in an amount equal to the damages, plus interest, attorney's fees, and other equitable relief, including reinstatement to the employee's former position. 29 U.S.C. § 2617(a).

22. As a result of his dismissal from employment, Mook incurred and is still incurring lost salary and employee-related fringe benefits.

<u>COUNT I</u>
INTERFERENCE WITH EXERCISE OF LEAVE RIGHTS UNDER FMLA

23. By terminating his employment without justification, and directly contacting the medical provider in violation of the prohibition set forth in the federal regulations promulgated pursuant to the FMLA, Martinsville interfered with Mook's right to take family care leave, in violation of 29 U.S.C. § 2615(a)(1).

24. Mook's injuries entitle him under the FMLA, 29 U.S.C. § 2617(a), to reinstatement and an award of damages for (a) lost salary, benefits and other compensation; (b) liquidated damages in an amount equal to his lost salary, benefits and other compensation; (c) attorney's fees; (d) costs of suit; and (e) pre-and post-judgment interest.

WHEREFORE, the plaintiff Daniel P. Mook demands judgment against the defendant City of Martinsville, Virginia awarding him reinstatement and compensatory and liquidated damages of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus attorney's fees and costs of suit, and such other and further relief as this Court may deem just and proper.

                Respectfully submitted,

                DANIEL P. MOOK

                By: <u>*/s/ Scott G. Crowley*</u>
                    Counsel

Scott G. Crowley
Virginia Bar No. 31216
Attorney for Daniel P. Mook
Crowley & Crowley, P.C.
4870 Sadler Road, Suite 300
Glen Allen, VA  23060
Tel. (804) 205-5010
Fax (804) 800-4243
E-mail: scrowley@crowleyandcrowley.com