IN THE UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF VIRGINIA
Danville Division

DANIEL P. MOOK,

    Plaintiff,

v.                              Civil Action No.:  4:23cv0028-TTC-CKM

CITY OF MARTINSVILLE, VIRGINIA
and G. ANDREW HALL,

    Defendants.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION
TO OBTAIN RELIEF FROM JUDGEMENT OR ORDER**

Plaintiff Daniel P. Mook ("Mook"), by counsel, submits this Memorandum in Support of his Motion to Obtain Relief from Judgment or Order, submitted pursuant to Fed. R. Civ. P. 60(b).

BACKGROUND

This District Court granted defendant City of Martinsville's Motion for Summary Judgment as a result of Mook's failure to submit an opposition to that motion. The undersigned counsel, however, prepared an opposition to Martinsville's motion yet in the process of converting the Word file to a portable document format necessary for uploading to the ECF system, he inadvertently converted his Word version of brief in opposition to Hall's Motion for Summary Judgment and identified the pdf as "Martinsville.Brief" and uploaded that document as his response to Martinsville's Motion for Summary Judgment.

The Word document shows that it was last saved on May 9, 2025 at 6:49 pm. That document, however, was inadvertently never converted to pdf format until this day in order to file it as an attachment to the present motion. In so doing, he filed the identical briefs to both

Martinsville's and Hall's respective Motions for Summary Judgment. The ECF system notes that the undersigned submitted a brief in response to Hall's Motion for Summary Judgment [ECF 58] as well as a brief in response to Martinsville's Motion for Summary Judgment [ECF 59]. This fact alone demonstrates that he intended to respond not only to Hall's motion, but Martinsville's as well. Had Mook intended to concede Martinsville's motion, he would have either filed nothing in response, or a brief statement that the motion was conceded. Instead, the undersigned made the mistake of filing the brief that he prepared for Hall's motion as his response to both Hall's and Martinsville's motion.

The undersigned made this mistake in his haste as he was in the process of submitting two separate responses to the two separate motions seeking summary judgment by the respective defendants (Martinsville and Hall) that were both due on the same day. The undersign counsel respectfully requests that this Court deem his mistake excusable neglect and accept the Plaintiff's Memorandum in Opposition to Defendant City of Martinsville's Motion for Summary Judgment out of time, and alter the Order entered this day.

Finally, the undersigned states that he was preparing to leave the country on vacation between May 12 through May 19, 2025, and did not attach significance to the following notices issued on May 12, 2025:

- "Modified on 5/12/2025 - Corrected motion in re to 52 Motion for Summary Judgment filed by G. Andrew Hall instead of 53 Motion for Summary Judgment filed by City of Martinsville, Virginia (ham)." [ECF 58]

- "Modified on 5/12/2025 - Duplicate filing for 58 with the exception of Exhibit 1 (Plaintiff's Discovery Answers) (ham)." [ECF 59]

The undersigned mistakenly concluded that those were internal notes of the Clerk's staff rather than notices explaining that the undersigned needed to correct the filing that he had intended to submit in response to Martinsville's Motion for Summary Judgment.

## LEGAL ANALYSIS

A judgment or order of a court may be corrected, or relief may be obtained from it, under Fed. R. Civ. P. 60(a) or (b). The Rule states in pertinent part:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>    (1) mistake, inadvertence, surprise, or excusable neglect;
>
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) ;
>
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

The fact that the undersigned prepared a brief in opposition to Martinsville's Motion for Summary Judgment is established by the fact that the portable document format file is dated May

9, 2025, the day that it was due to be filed with the ECF system of this District Court's Clerk's Office. The plaintiff should not be penalized for his counsel's neglect in properly uploading the brief. Rather, such neglect should be deemed excusable under the express terms of Rule 60(b)(1).

Mook had no intention of conceding Martinsville's motion. Mook's failure to respond was akin to a default. The Fourt Circuit has consistently explained that default judgments are disfavored and are sparingly granted. Saunders v. Metro Prop. Mgmt., Inc., 806 F. App'x 165, 168 (4th Cir. 2020) ("Moreover, the law disfavors disposition by default and accords preference to resolving a case on the merits." (citing Tazco, Inc. v. Dir., Office of Workers Comp. Program, 895 F.2d 949, 950 (4th Cir. 1990))); see also, Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3 413, 419 (4th 2010) (the District Court abused its discretion in awarding default judgment "in the face of our time-worn commitment to the resolution of disputes on their merits. . . .")

In this circumstance, the undersigned counsel reacted with promptness upon receiving notice that he had uploaded the incorrect brief, and that the Court had entered an Order granting summary judgment. The error was unintentional; indeed, the undersigned operated under the assumption that he correctly uploaded the correct brief on the evening of May 9, 2025. Mook has a meritorious defense to Martinsville's motion. The District Court recognized Mook's defense as possessing merit inasmuch as it is similar to his defense to Martinsville previous Motion to Dismiss under Rule 12(b)(6).

Further, Mook or the undersigned counsel have a history of dilatory action (aside from the present neglect), and Martinsville is not prejudiced under these circumstances where Mook' counsel acted swiftly to cure his failure to respond to Martinsville's motion. The undersigned's

4

personal responsibility in causing this unfortunate situation should not be the basis for dismissing Mook's case on summary judgment.

## CONCLUSION

The plaintiff respectfully requests that this District Court vacate the Order granting Martinsville's Motion to for Summary Judgment and accept his Memorandum in Opposition thereto.

    Respectfully submitted,

    DANIEL P. MOOK

    By: /s/ Scott G. Crowley
    Scott Gregory Crowley
    Virginia bar No. 31216
    Attorney for Daniel P. Mook
    Crowley & Crowley, P.C.
    4870 Sadler Road, Suite 300
    Glen Allen, VA  23060
    Phone:  (804) 205-5010
    Fax: (804) 800-4243
    E-mail: scrowley@crowleyandcrowley.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May 2025, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Jennifer D. Royer, Esq.
    ROYER LAW FIRM, P.C.
    P.O. Box 4525
    Roanoke, VA  24015

/s/ Scott G. Crowley

6