UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Danville Division

| | | |
|---|---|---|
| DANIEL P. MOOK, | ) | |
| | ) | |
|       *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:23cv00028 |
| | ) | |
| CITY OF MARTINSVILLE, VIRGINIA, | ) | |
| and G. ANDREW HALL, | ) | |
| | ) | |
|       *Defendants*. | ) | |

## DEFENDANT CITY OF MARTINSVILLE, VIRGINIA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER

Defendant City of Martinsville, Virginia (the "City") by counsel, submits this memorandum in opposition to the plaintiff's motion for relief from this Court's May 21, 2025, order granting summary judgment.

STATEMENT OF THE CASE

Plaintiff Daniel P. Mook originally filed this lawsuit on November 16, 2023, alleging in a sole count that by terminating his employment, the City of Martinsville interfered with his right to take leave under the Family and Medical Leave Act of 1993 (hereinafter "FMLA") under 29 U.S.C. § 2615(a)(1). The City of Martinsville filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on the bases that the City was not Mr. Mook's employer and that Mr. Mook did not adequately state a claim under the FMLA.

Mr. Mook filed an amended complaint on December 29, 2023, naming both the City and G. Andrew Hall, the Commonwealth's Attorney for City of Martinsville as defendants and seeking reinstatement of his employment, compensatory and liquidated damages of $500,000.00, his attorneys' fees, costs of suit, and pre- and post-judgment interest. The parties filed respective

motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and on June 14, 2024, this Court denied both motions.

On April 18, 2025, the City filed its motion for summary judgment and memorandum in support. [ECF Nos. 53 and 54.] The plaintiff sought and obtained leave to extend the time in which he had to respond to the motion. [ECF No. 57.]  On May 9, 2025, the plaintiff filed two briefs. [ECF Nos. 58 and 59.]  Neither brief responded to the City's motion for summary judgment.  The Clerk's office entered two separate notices in the electronic case management system on May 12, 2025, which should have put the plaintiff on notice of issues with the submission of his memoranda.  The first entry stated, "Modified on 5/12/2025 – Corrected motion in re to 52 Motion for Summary Judgment filed by G. Andrew Hall instead of 53 Motion for Summary Judgment filed by City of Martinsville, Virginia (ham)."  The second entry stated, "Modified on 5/12/2025 – Duplicate filing for 58 with the exception of Exhibit 1 (Plaintiff's Discovery Answers) (ham)."

The plaintiff took no action in response to these notices from the Clerk's office.

On May 16, 2025, the City filed a reply brief, noting that despite the passage of the deadline for filing a brief in opposition to the City's motion, the plaintiff had filed none that raised any argument in opposition to the City's motion.  The City asked the Court to consider the motion to be unopposed and the arguments raised in the City's memorandum to be conceded. [ECF No. 61.]  By order dated May 21, 2025, the Court waived oral argument on the motions. [ECF No. 62.] The Court granted the City's motion for summary judgment on May 21, 2025. [ECF No. 63.]  The plaintiff filed his motion for relief pursuant to Rule 60(b) the same evening. [ECF No. 64.]

This response follows.

2

ARGUMENT

I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) allows "courts to perform mechanical adjustments to judgments, such as correcting transcription errors and miscalculations," as well as "to perform a completely ministerial task' (such as 'making a judgment more specific in the face of an original omission')." *Sartin v. McNair L. Firm PA*, 756 F.3d 259, 265 (4th Cir. 2014) (quoting *Caterpillar Fin. Servs. Corp. v. F/V Site Clearance I*, 275 F. App'x 199, 204 (4th Cir. 2008)). It similarly authorizes courts to correct mistakes that occur based upon an inconsistency between the text of an order and the court's intent or where an "unintended ambiguity that obfuscates the court's original intent." *Id.* at 266.

"Rule 60(b) allows a court to 'relieve a party . . . from a final judgment, order or proceeding' on a limited number of grounds." *Justus v. Clarke*, 78 F.4th 97, 105-06 (4th Cir. 2023) (quoting *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017)). "To prevail, a party must first demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Id*. (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co*., 993 F.2d 46, 48 (4th Cir. 1993)). Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b). *Dowell*, 993 F.2d at 48.

Under Rule 60(b), a movant is entitled to relief from judgment for reasons which include, under subsection (1), mistake, inadvertence, surprise or excusable neglect. *Smith v. Bounds*, 813 F.2d 1299, 1303 (4th Cir. 1987). The remedy afforded by Rule 60(b) is an "extraordinary" one

that is "only to be invoked upon a showing of exceptional circumstances." *K.C. v. Shipman*, 716 F.3d 107, 117 n.3 (4th Cir. 2013) (quoting *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)).

The disposition of a Rule 60(b) motion "is a matter which lies largely within the discretion of the trial judge." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967); *see also Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) ("We review the district court's ruling on a 60(b) motion for abuse of discretion[.]").

For the reasons stated below, the plaintiff's motion should be denied under both Rule 60(a) and 60(b).

II.    RULE 60(A) DOES NOT PROVIDE A BASIS FOR VACATING THE ORDER GRANTING SUMMARY JUDGMENT TO THE CITY.

On brief, <u>but not in his motion</u>, plaintiff's counsel asks for a correction under Rule 60(a). Rule 60(a) permits the Court to correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The plaintiff does not argue that the Court's May 21, 2025, Order granting summary judgment to the City contains any clerical mistakes or mistakes arising from oversight or omission. Instead, he appears to argue that the mistake he is asking to correct relates to allowing him to upload a memorandum in opposition to the City's motion for summary judgment.

While counsel for the City is genuinely empathetic to errors relating to the omission or oversight in filing documents with the Court (and indeed has made errors in uploading files herself), in this instance, the plaintiff had an opportunity to correct such errors on or after May 12, 2025, when the Clerk's office filed notices in the record informing the plaintiff that he had incorrectly linked his memorandum to the wrong motion and again when the Clerk's office

4

informed him that he had filed a duplicate memorandum. The plaintiff did not take any action to file a different memorandum at that time.

The plaintiff had another opportunity to realize and attempt to correct the error on or after May 16, 2025, when the City filed its reply asking the Court to grant its motion for summary judgment because the plaintiff had not filed any response in opposition to it. The plaintiff did not raise any concerns or seek relief at that time.

Over multiple days after the filing of the reply briefs, the parties engaged with this Court's Courtroom Deputy to schedule a hearing on the defendants' motions for summary judgment, and at no time did the plaintiff raise any concerns with having filed the wrong memorandum.

The plaintiff raised concerns for the first time after this Court granted the City's motion for summary judgment. By that time, the error was no longer simply a clerical one permitting correction by substituting one memorandum with another.

The Fourth Circuit has cautioned that "a court may not employ Rule 60(a) to reconsider a matter that has already been decided," explaining:

> The basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consist of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Id.* (quoting *Rhodes v. Hartford Fire Ins. Co.*, 548 F. App'x. 857, 859-60 (4th Cir. 2013) (per curiam)).

As such, the request for relief under Rule 60(a) is not proper and should not be granted.

5

III.    RELIEF UNDER RULE 60(B) IS A TWO-PART INQUIRY, AND MOOK'S MOTION FAILS BOTH PARTS.

As stated above, relief under Rule 60(b) is a two-part inquiry, which first requires the plaintiff to demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b).  Plaintiff's motion fails because he fails both inquiries.

While the plaintiff's Rule 60(b) motion is timely, the plaintiff cannot establish that he has a meritorious defense, that the City will not be prejudiced by the granting of this motion, or that exceptional circumstances exist to warrant granting the motion.  Plaintiff also cannot demonstrate that relief should be granted for excusable neglect under Rule 60(b).  As such, his motion should be denied.

    A.  <u>The plaintiff does not have a meritorious defense to the City's motion for summary judgment.</u>

The plaintiff asserts that he has a meritorious defense to the motion for summary judgment on the basis that the Court denied the City's motion to dismiss under Rule 12(b)(6) prior to the commencement of discovery or the development of the evidentiary record.  The developed record, however, establishes that the plaintiff never had a valid claim against the City.

The basis for the plaintiff's opposition to the City's motion for summary judgment is rooted almost exclusively in his argument that the City pressured the Commonwealth's Attorney to terminate his employment.  The undisputed evidence in the case as stated in the motion for summary judgment (and acknowledged in the plaintiff's memorandum in opposition, which was attached to his motion), however, establishes the following:

    1.  Hall informed Mook in a telephone call in which he was attempting to discern whether Mook was being truthful about his reasons for completing the

6

medical provider's certification portion of the FMLA form and what information he provided to Nurse Schmidt when he presented the form to Nurse Schmidt for his signature that Human Resources was "not going to like it" if he gave Mook the opportunity to resign in lieu of termination;

2. Hall is an elected Constitutional officer, who is not employed by the City;

3. Hall testified that Mook was his employee, that he hired Mook, and that he made all decisions related to Mook's employment;

4. Hall knew and admitted that no employee of the City could require him to terminate Mook;

5. Hall had no conversation directly with any City employee related to Mook's request for leave'

6. Hall did not directly receive any recommendation or advice from anyone employed by the City related to Mook's employment;

7. At most, Hall acknowledged that he had heard from his assistant that the assistant in the Human Resources department thought that Hall should terminate Mook's employment;

8. Hall could disregard any advice he received from any employee of the City or anyone else related to his employment decisions;

9. Hall alone made the decision to terminate Mook;

10. Hall was solely responsible for making all hiring and termination decisions related to Mook;

11. No one employed by the City had any contact with Mook related to the completion of the FMLA form;

12. No one employed by the City had any contact with any of Mrs. Mook's physicians or their employees related to Mook's FMLA form;

13. Hall's office only contacted Mrs. Mook's doctor's office to determine if the signature on the form was authentic given concerns that the form had been completed by Mook, instead of a medical provider;

14. The City served as a payroll processing entity (like PMI or ADP) for constitutional officers but made no decisions for them related to their employees;

15. Hall approved all payroll payments made to his employees from funds budgeted for his office;

16. Hall set salaries for all of his employees within the parameters set by the Commonwealth Compensation Board (which is not a City department or agency);

17. Hall provided all office equipment for his staff;

18. Dr. Lisa Francis, Mrs. Mook's physician, certified that Mrs. Mook would be a person with a serious medical condition (as that term is defined under the FMLA) for which she needed care **AFTER** Ms. Mook had back surgery – which was scheduled for <u>MARCH of 2022</u>;

19. Mrs. Mook's back surgery was the triggering event for Mook's FMLA eligibility;

20. Mook submitted paperwork to take twelve weeks of FMLA leave to care for a family member with a serious medical condition beginning <u>NOVEMBER 1, 2021;</u>

21. Mook, in fact, took leave from his job on November 1, 2021;

22. In taking leave on November 1, 2021, Mook knew that he would exhaust twelve weeks of leave prior to his mother's surgery, which was the FMLA eligibility triggering event;

23. Mook testified that his intention was to place his mother in an assisted living facility where others would provide for her care and return to work after his mother's back surgery.

Mook presented no evidence to dispute any of those facts. Mook presented no evidence by which this Court could find that he was a person eligible to take FMLA for the care of a family member with a serious medical condition. He provided no evidence to dispute that his mother's back surgery was the triggering event for his FMLA leave eligibility. He provided no evidence to dispute that his mother's back surgery was not scheduled until March of 2022. He did not dispute that he requested leave for November 1, 2021, and that the twelve-week period for which he requested leave would end prior to his mother's scheduled surgery. Instead, once his leave ended and before his mother would need his assistance to care for a serious medical condition, he intended to place her in an assisted living facility so that someone else could

provide the care she needed. Despite the undisputed facts, Mook asserts that a jury should make the legal decision as to whether he was a person eligible for FMLA leave.

Mook presented no evidence to dispute the fact that the City cannot make any employment decisions for Mook. He presented no evidence to prove that the City did, in fact, make any decisions related to his employment. Instead, Mook argues that despite Hall's testimony that Mook was his employee and he alone had the authority to make employment decisions related to Mook and other undisputed facts, the City was nevertheless his employer because Hall told him during a telephone call in which Hall was admittedly testing Mook's veracity and actively gauging his responses to various prompts for information that the City would not like it if he gave Mook the opportunity to resign in lieu of termination, not because anyone other than Hall had the ability to make any employment decisions related to Mook.

Mook presented no evidence to prove that the City had any contact with Mrs. Mook's medical providers or their staff related to the authenticity of Mook's fraudulent FMLA paperwork. Mook nevertheless argues that the City should be liable for FMLA interference despite the undisputed fact that no one employed by the City ever had any contact with any medical provider or medical staff related to Mook's FMLA paperwork.

Mook's defense is not meritorious, and the summary judgment order should not be vacated.

B.  <u>The City will be prejudiced by vacating the summary judgment order</u>.

Vacating a summary judgment order taken after the plaintiff failed to file a response to the motion for summary judgment will impact the judicial proceedings and prejudice the parties. This matter is set for trial July 8-10, 2025. The parties have already submitted pretrial

disclosures pursuant to this Court's scheduling order. Witnesses for the City have already released pretrial holds on their calendars and made other plans for those days.

Vacating the order would require the Court to remove the matter, which has been on the docket for almost two years, from its trial calendar to permit the City to brief a reply to the plaintiff's opposition to the summary judgment order and hear oral arguments on the motion. These activities would also prejudice the other party and his witnesses, who would have to shuffle their lives again for what otherwise appears to be a motion without a meritorious defense.

    C. <u>Mook has identified no "exceptional circumstances" that justify vacating the Court's summary judgment order</u>.

Mook's memorandum in support of his motion for relief from judgment is silent on most of the elements necessary to obtain relief.  The need to assert exceptional circumstances is no exception.  The burden is on Mook to demonstrate exceptional circumstances. Mook asserts no exceptional circumstances justifying vacating the order, and the order should not be vacated.

    D. <u>Mook does not establish "excusable neglect" under Rule 60(b)(1).</u>

In his Motion, the plaintiff seeks relief from the summary judgment order under Rule 60(b).  Although he does not identify the specific subpart under which he is seeking relief, he does state the basis of his motion is counsel's "neglect," which he moves the court to find to be "excusable," which would fall under Rule 60(b)(1).  In his memorandum, the plaintiff recites the entirety of Rule 60(b), also without reference to a specific subpart; however, the only basis stated for relief is counsel's failure to upload the correct file into the electronic case management system.  As such, this response will only address "excusable neglect" under Rule 60(b)(1).

The terms "mistake, inadvertence . . . or excusable neglect" found in Rule 60(b)(1) are often used interchangeably or in conjunction with each other. A "mistake" under Rule 60(b)(1) occurs when "the judge has made a substantive mistake of law or fact in the final judgment or

10

order," as well as where "a party has made an excusable litigation mistake." *Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)).

"Neglect" under Rule 60(b)(1) includes "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." *e.spire Commcn's, Inc. v. CNS Commcn's*, 39 F. App'x. 905, 912 n.7 (4th Cir. 2002) (quoting T*hompson v. E.I. DuPont de Nemours & Co*., 76 F.3d 530, 533 (4th Cir. 1996)). The Fourth Circuit has defined "excusable" as "'an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Thompson*, 76 F.3d at 533 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). "The most important of the[se] factors . . . for determining whether 'neglect' is 'reasonable'" is the reason for the delay. *Id*., 76 F.3d at 534.

Plaintiff's stated neglect is the failure to upload the correct document into the electronic case management system.  Filing the wrong document is certainly an error that anyone can (and most lawyers) do at some point in litigation; however, the failure here is not the error in uploading the correct document. It is the failure to review and respond to notices from the Clerk's office informing counsel that his memorandum was linked to the wrong motion and that he filed a duplicate document.  *See*, *Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 412-13 (4th Cir. 2010) (concluding that "excusable neglect" not established when plaintiff's counsel made strategic choice not to monitor trial court docket, resulting in failure to file opposition to motion

11

for summary judgment until after judgment had been granted against plaintiff). Observing either notice from the Clerk's office would have immediately triggered counsel to rectify the filing error.

Counsel had another opportunity to rectify his error four days later when the City filed its reply memorandum. Once the City filed its memorandum, however, another failure occurred, which was the failure to download and review the City's memorandum and recognize that the City was asking the Court to interpret the plaintiff's lack of response as a concession. "Counsel has an obligation to read all the pleadings that might affect his client's interests in the instant case." *See*, *Globus Med., Inc. v. Jamison*, No. 2:22-cv-282, 2024 U.S. Dist. LEXIS 142985, at *13 (E.D. Va. May 24, 2024) (citing Va. R. Pr. Conduct § 1.3 (Diligence)).

The plaintiff seemingly took no action related to the failure to file a response to the motion for summary judgment until after the Court entered judgment in the City's favor. Courts have consistently held that "a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing" for excusable neglect. *See e.g., Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). Moreover, the reason for the delay "was within the reasonable control of the movant[s]" themselves as the plaintiff alone had the ability to correct the error prior to the entry of summary judgment. *Globus Med., Inc.*, at *13 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

Plaintiff's counsel has sought to evoke sympathy for his client in asserting that he was to blame for the error; but the Fourth Circuit has held that "under our adversarial system of justice, the client must pay, at least initially, the penalty of his counsel's neglect." *Universal Film Exchs., Inc. v. Lust*, 479 F.2d 573, 576-77 (4th Cir. 1973). In upholding a District Court's dismissal of an

12

action for the failure of plaintiff's attorney to appear at a pretrial conference, the Supreme Court has stated,

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." *Smith v. Ayer,* 101 U.S. 320, 326, 25 L. Ed. 955.

*Link v. Wabash Railroad Co.*, 370 U.S. 626, 633-34, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962). This principle was reasserted by the Supreme Court again in *United States* v. *Boyle*, 469 U.S. 241, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985) and *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397, 113 S. Ct. 1489, 1499 (1993).

The Ninth Circuit employed a similar rationale when it refused to set aside a summary judgment pursuant to a Rule 60(b)(1) motion in a case in which the attorney's neglect was related to his vacation. *See Smith v. Stone*, 308 F.2d 15 (9th Cir. 1962). Similarly here, the plaintiff asserts that the neglect was related to haste taken while addressing pending matters ahead of counsel's vacation.

    E.  <u>The "excusable neglect" standard is more onerous for Rule 60(b) motions to vacate summary judgment orders than for Rule 55(c) motions to vacate default judgment orders.</u>

Plaintiff's counsel asserts that by granting the motion for summary judgment, this Court effectively granted a default judgment against Mook and cited cases in which the Fourth Circuit held that the district court abused its discretion in awarding a default judgment because the law disfavors disposition by default and accords preference to resolving a case on the merits. While

Counsel is correct that the law disfavors *default* judgments, summary judgment is not a default; it is a decision on the merits. *See Universal Film Exchs., Inc. v. Lust*, 479 F.2d 573, 576 n.1 (4th Cir. 1973) ("It is worth noting that all the cases cited by the appellant as examples of error in refusing to grant a Rule 60(b)(1) motion involved default judgments, which are not, as are summary judgments, decisions on the merits.") Rule 60(b) motions request relief from judgment, which implicates an interest in finality and repose, a situation that is not present when default has been entered under Rule 55(a) and no judgment has been rendered. Therefore, while an analysis under each rule employs similar factors, Rule 60(b)'s "excusable neglect" standard is a more onerous standard than Rule 55(c)'s "good cause" standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality. *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 420 (4th Cir. 2010).

Here, the plaintiff is seeking to vacate a summary judgment order, and the Fourth Circuit favors the finality of judgments on the merits.

Because the plaintiff fails to state a sufficient basis to vacate the City's summary judgment order, the Court should deny the plaintiff's Rule 60(b) motion.

## CONCLUSION

For the foregoing reasons, Defendant, City of Martinsville, by counsel, requests that the Court deny the plaintiff's motion for relief and for such other and further relief as the nature of this case requires.

CITY OF MARTINSVILLE, VIRGINIA

/s/ Jennifer D. Royer
Of Counsel

Jennifer D. Royer, VSB # 68099
3042 Brambleton Avenue, SW
Roanoke, Virginia 24015

540-788-2982  Telephone
540-675-4093  Facsimile
jroyer@royerlawfirm.com
Counsel for Defendant City of Martinsville, Virginia

### CERTIFICATE

I hereby certify that on the 4th day of June, 2025, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jennifer D. Royer

Jennifer D. Royer, VSB # 68099
ROYER LAW FIRM, P.C.
3042 Brambleton Avenue, SW
Roanoke, Virginia 24015
540-788-2982  Telephone
540-675-4093  Facsimile
jroyer@royerlawfirm.com
Counsel for Defendant City of Martinsville, Virginia