CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
6/5/2025
LAURA A. AUSTIN, CLERK
BY: z/C. Kemp
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DANIEL P. MOOK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:23-cv-00028 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF MARTINSVILLE, VIRGINIA, | ) | By: Hon. Thomas T. Cullen |
| and G. ANDREW HALL, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Daniel Mook's motion to obtain relief from judgment. (ECF No. 64.) On May 21, 2025, the court granted Defendant City of Martinsville's ("the City's") motion for summary judgment as unopposed because Mook had not filed a response to the City's motion. (ECF No. 63.) Mook filed the instant motion to obtain relief from judgment, explaining that he had accidentally uploaded the wrong document in place of his response and asking the court to deem that neglect excusable under Federal Rule of Civil Procedure 60(b). (*See* ECF No. 64 at 1.) On June 4, the City filed a response in opposition to the motion. (ECF No. 69.)

To obtain relief from judgment under Federal Rule of Civil Procedure 60, a party must first show "(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 300 (4th Cir. 2017). "Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Justus v. Clarke*, 78 F.4th 97, 105–06 (4th Cir. 2023). The court would be inclined

to deem Mook's neglect excusable under Rule 60(b), particularly in light of the Fourth Circuit's "strong preference that . . . claims . . . be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). But Mook cannot satisfy the threshold requirement of showing a meritorious defense, so the court will deny his motion.

Mook's memorandum in support of his motion to obtain relief from judgment does not address the threshold inquiry, but the meritoriousness of claims is debated at length in the parties' summary-judgment briefs.[1] These arguments have thus been amply briefed, do not require further briefing or oral argument, and are ripe for the court's disposition at this time. (*See* Oral Order, May 21, 2024 [ECF No. 62] (ruling that oral argument on the motions for summary judgment would not aid the court in the decisional process).)

## I.    RELEVANT FACTS

Mook was employed as an Assistant Commonwealth's Attorney in the City of Martinsville from April 3, 2018, until November 18, 2021. (Dep. of Daniel Mook 21:21–22:2 [ECF No. 52-2]; Def. Hall's Mot. Summ. J., Ex. 2 [ECF No. 52-3].) Throughout that time, Defendant G. Andrew Hall—the Commonwealth's Attorney for the City of Martinsville—was Mook's supervisor. (Mook Dep. 26:8–10.) In November 2021, Mook faxed a form requesting leave under the Family Medical Leave Act ("FMLA") to the City of Martinsville's Human Resources (HR) department and to Hall's office. On November 18, 2021, Hall terminated Mook after accusing him of "falsifying" that form. (Def. Hall's Mot. Summ. J., Ex. 2.)

---

[1] Though Mook did not initially file a response to the City's motion for summary judgment, he appended his response to his motion for relief from judgment to demonstrate that he had intended to respond, had finished his brief, and merely uploaded the wrong document. (*See* ECF No. 64-1.)

Hall, as the Commonwealth's Attorney, is a constitutional officer. (Decl. of Travis Hodge ¶ 2 [ECF No. 54-1].) While the City's employees are supervised by the City Manager, only Hall supervised the attorneys and staff employed in his office. (*Id.* ¶ 3.) Further, as a Constitutional officer, Hall was not bound by the City's personnel policies, and only Hall had the authority to hire and fire employees of his office. (*Id.* ¶¶ 3, 7, 12.) The City's HR department "provides some logistical support for [c]onstitutional officers" like Hall, "much like a private payroll processing company would provide for a small business." (*Id.* ¶ 4.) The HR department also answers "questions the constitutional officers may have about employment procedures and processes," but the constitutional officers are solely responsible for investigations and discipline of their employees. (*Id.* ¶ 5.)

In that logistical capacity, the HR department provided FMLA forms to Hall's administrative assistant, who in turn provided them to Mook, and reviewed the forms after Mook returned them. (*Id.* ¶¶ 8–9.) HR staff "noticed a deficiency in the information contained in the form" and notified Hall's office, but took no "further action to address the deficiency." (*Id.* ¶ 9.) Though the City asserts that no one from its HR department told Hall that Mook should be terminated related to the certification form, Hall stated during their phone call in which he fired Mook that he was under pressure from HR to do so. (*Compare* Hodge Decl. ¶ 12, *with* Call 1 at 7:56–8:06.) Specifically, during the call, Hall told Mook that "human resources [was] all over [his] back about this, and they're adamant, by the way, I mean, that I should cut you loose." (Call 1 at 7:56–8:06.)

## II.  STANDARD OF REVIEW

Under the "meritorious defense" prong of Rule 60, "[t]he underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 813 (4th Cir. 1988) (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2697 (2d ed. 1983)) (omissions in original). Because a summary judgment motion was pending at the time the court entered the order from which Mook now seeks relief, the court—in determining whether Mook can show a meritorious defense—is first confronted with the question of whether Mook can defeat the City's summary judgment motion and even *get to* trial.

Under Federal Rule of Civil Procedure 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn*, 710 F.3d at 213 (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). "In other words, to grant summary judgment the court must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) (citing *Anderson*, 477 U.S. at 248).

## III. ANALYSIS

Under Fourth Circuit precedent, an employer is one who "exercises significant control over" an employee. *Butler v. Drive Auto Indus. of Am. Inc.*, 793 F.3d 404, 410 (4th Cir. 2015) (cleaned up). Though "control remains the principal guidepost for determining whether multiple entities can be a plaintiff's joint employers," the Fourth Circuit has found three factors to be significant in resolving this question: "(1) [the] authority to hire and fire the individual; (2) day-to-day supervision of the individual, including employee discipline; [and] (3) whether the putative employer furnishes the equipment used and the place of work." *Id.* at 414.

Mook argues that Hall and the City were integrated employers, such that the City should be treated as Mook's employer, even though Mook was technically employed only by Hall's office. (*See* Resp. to Def. City's Mot. at 9 [ECF No. 64-1].) Under the integrated-employer test, "[a] parent company"—here, the City—"is the employer of a subsidiary's personnel only if it controls the subsidiary's employment decisions or so completely dominates the subsidiary that the two corporations are the same entity." *Johnson v. Flowers Indus., Inc.*, 814 F.2d 978, 980 (4th Cir. 1987).

Under Virginia law, Commonwealth Attorney's offices "exist independent from the local government[,] and they do not derive their existence or their power from it." *Roop v. Whitt*, 768 S.E.2d 692, 695 (Va. 2015). "The local government has no control over their work performance." *Id.* at 696. Further, local governing bodies are expressly denied the authority to interfere with constitutional officers' "power to organize their offices and to appoint such deputies, assistants and other individuals as are authorized by law upon the terms and

conditions specified by such offices." Va. Code Ann. § 15.2-1600(B). Consequently, a finding that Hall and the City are integrated employers would contravene core tenets of Virginia law.

Mook argues that "the proper inquiry is not whether [defendant's] alleged attempts to assert control over [plaintiff] . . . were legitimate: rather the focus should be on whether [defendant], in fact, exercised such supervisory authority." (Resp. to Def. City's Mot. at 8 (quoting *Magnuson v. Peak Tech. Servs., Inc.*, 808 F. Supp. 500, 511 n.5 (E.D. Va. 1992)).) But Mook has pointed to no evidence suggesting that the City had any supervisory authority over Mook or that anyone other than Hall retained ultimate decision-making authority over whether the fire Mook.

Mook contends that the City should be considered his employer because it conducted various ministerial duties relating to his employment, including administering his employee benefits. (*See id.*) But these ministerial functions do not involve the requisite level of control to support a conclusion that the City was Mook's employer. Mook also argues that the City "insisted that Hall terminate Mook's employment." (*Id.*) The evidence as to the City's involvement is disputed, but, viewed in the light most favorable to Mook, the evidence shows—at best—that the City's HR department recommended Hall fire Mook and put some pressure on Hall to do so. (*See* Call 1 at 7:56–8:06.) There is no evidence that Hall was compelled to follow the City's recommendation or that the ultimate decision was made by anyone other than Hall alone.

The Fourth Circuit's decision in *Bittle-Lindsey v. Seegars Fence Company*, No. 21-1004, 2022 WL 1566770 (4th Cir. May 18, 2022), is instructive on this issue. There, the Fourth Circuit concluded that two entities were not integrated employers because the primary employer's

employees "have never directly or indirectly worked for" the secondary employer. *Id.* at \*3 (internal quotation omitted). Further, the secondary employer had "no involvement in the management, control, or oversight" of the primary employer's employees and no control over the primary employer's "day-to-day operations," which included "making all employment decisions, such as hiring, supervising, and firing [the plaintiff]." *Id.* So too here.

Because Mook has not pointed to any evidence in the record that raises a genuine dispute of material fact as to whether anyone other than Hall exercised control over Mook, the court concludes that Hall was Mook's sole employer. If the court were to grant Mook relief from judgment and address the City's motion for summary judgment on the merits, it would grant that motion. Consequently, Mook cannot prevail on the second prong of the threshold inquiry requiring that he show "a meritorious defense." *See Wells Fargo Bank, N.A.*, 859 F.3d at 300 (4th Cir. 2017).

For the foregoing reasons, Mook's motion to obtain relief from judgment (ECF No. 64) is hereby **DENIED**.

The Clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 5th day of June, 2025.

>  */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE